**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,
ex rel. PETER STADLER,

    Plaintiff,

v.                                        Case No. 03-CV-70291-DT

PROJECT TORCH INC., et al.,

    Defendants.
                                        /

**OPINION AND ORDER DENYING WITHOUT PREJUDICE "UNITED STATES' MOTION FOR JUDGMENT BY DEFAULT AS TO DEFENDANT POSITIVE LIVING, INC., FORMERLY KNOWN AS PROJECT TORCH, INC."**

Pending before the court is Plaintiff "United States' Motion for Judgment by Default as to Defendant Positive Living, Inc. Formerly Known as Project Torch, Inc. and Brief." For the reasons stated below, the court must deny, without prejudice, Plaintiff's motion in its current form and direct Defendant to file a motion that will permit the court to order a clerk's entry of default and set a hearing to determine a default judgment.

Federal Rule of Civil Procedure 55 governs both defaults and default judgments. Rule 55(a) applies to entries of default, and states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, *the clerk* shall enter the party's default," (emphasis added). Rule 55(b)(1) allows the clerk to also enter a default judgment in a few specified cases; otherwise, Rule 55(b)(2) provides that the court may enter a default judgment.

"An entry of default and a default judgment are distinct concepts which must be treated separately." *Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327, 330 (W.D. Mich. 2000) (quoting *United States v. Topeka Livestock Auction, Inc.*, 392 F. Supp. 944, 950 (N.D. Ind. 1975)). As another district court has stated,

> [t]he section of the rule regarding default is dealt with in Rule 55(a), and the section of the rule regarding judgment is dealt with in Rule 55(b). These sections have separate headings and procedures that are distinct from one another. Thus, a plain reading of Rule 55 demonstrates that entry of default by the clerk is a prerequisite to an entry of default judgment.[1]

*Vongrabe v. Sprint PCS*, 312 F. Supp. 2d 1313, 1318 (S.D. Cal. 2004); see also *Ramada Franchise Sys., Inc.*, 220 F.R.D. 303, 305 (N.D. Ohio 2004) (quoting *Sys. Indus., Inc. v. Han*, 105 F.R.D. 72, 74 (E.D. Penn. 1985)) ("Entry of a default . . . is a prerequisite to entry of a default judgment under Rule 55(b)."); *DeTore v. Local #245 of the Jersey City Public Employees Union*, 511 F. Supp. 171, 176 (D.N.J. 1981) ("However, no default judgment may be entered under either F.R.Civ.P. 55(b)(1) or (b)(2) unless a default has previously been entered by the clerk under 55(a). Thus, the entry of default is an essential predicate to any default judgment.").

The court follows the majority of courts in finding that a plain reading of Federal Rule of Civil Procedure 55 requires a clerk's entry of default before a court can enter a default judgment. Therefore, Plaintiff's current request for a default judgment is improper and will be denied without prejudice.

The court recognizes that in proceeding in the present fashion, Plaintiff was following this court's suggestion(s) made during one or more telephone conferences

---

[1] While there is an exception to this rule when a court enters a default judgment as a discovery sanction under Federal Rule of Civil Procedure 37, this exception does not apply here.

with Defendant's now-former counsel. The court also understands that the Defendant entity is acknowledged by all to have ceased existence. The court believes that a slightly different path to the same goal would be more consistent with the Federal Rules. Accordingly,

IT IS ORDERED that "United States' Motion for Judgment by Default as to Defendant Positive Living, Inc. Formerly Known as Project Torch, Inc." [Dkt. # 70] is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff shall, by **December 7, 2007**, file a motion predicated on the same or similar grounds seeking both this court's order to direct a clerk's entry of default and, upon entry of such default, this court's entry of a default judgment upon a proper interval of notice and opportunity to be heard.


                                                s/Robert H. Cleland  
                                                ROBERT H. CLELAND  
                                                UNITED STATES DISTRICT JUDGE

Dated: December 4, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 4, 2007, by electronic and/or ordinary mail.

                                                s/Lisa G. Wagner  
                                                Case Manager and Deputy Clerk  
                                                (313) 234-5522