**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,
ex rel. PETER STADLER,

      Plaintiff,

v.

      Case No. 03-CV-70291-DT

PROJECT TORCH INC., et al.,

      Defendants.
                                     /

**OPINION AND ORDER DIRECTING THE CLERK TO ENTER DEFAULT
AGAINST DEFENDANT POSITIVE LIVING, INC., FORMERLY KNOWN
AS PROJECT TORCH, INC. AND SETTING HEARING ON
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Pending before the court is Plaintiff "United States' Motion for Order Directing Entry of Default and for Default Judgment as to Defendant Positive Living, Inc., Formerly Known as Project Torch, Inc. ["Project Torch"]." In its motion, Plaintiff submits that Project Torch "has failed to defend this case, and is unlikely to do so in the future." (Pl.'s Br. at 1.) Specifically, Carolyn Bell Harbin, the Assistant United States Attorney representing Plaintiff in this case, declares that, although Project Torch filed an answer through counsel, Project Torch has since been dissolved. (Harbin Aff. at ¶¶ 3-4.) In his "Notice of Withdrawal as Counsel," Lawrence Garcia, Project Torch's former attorney, corroborates Harbin's declaration. (*See* Garcia's Notice.) There is no evidence in the record disputing the fact that Project Torch is not a going concern and that Defendant James Armstrong, a previous officer and shareholder of Project Torch, "is not currently capable of or willing to act on behalf of the corporation." (*Id.* at ¶¶ 5-6.)

Furthermore, after the court permitted Garcia to withdraw, Project Torch did not obtain substitute counsel and remains unrepresented. "It has been the law for the better part of two centuries . . . that a corporation may appear in federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993) (citing *Osborn v. President of Bank of United States*, 9 Wheat. 738, 829 (1824)). Accordingly, if Project Torch does not obtain substitute counsel, Project Torch is unable to appear before the court to defend against this action.

For these reasons, the court determines that Project Torch "has failed to plead or other wise defend as provided by these rules." Fed. R. Civ. P. 55(a). Accordingly,

IT IS ORDERED that the clerk enter default against Defendant Project Torch, also known as Positive Living, Inc., under Federal Rule of Civil Procedure 55(a).

IT IS FURTHER ORDERED that the court will conduct a hearing on Plaintiff's motion for default judgment on **Thursday, December 20, 2007 at 11:00 a.m.**

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: December 13, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 13, 2007, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522